(84 South. 429)

ROYAL TYPEWRITER CO. v. J. H. THOMAS SALES CO.   (6 Div. 566.)

(Court of Appeals of Alabama.  Nov. 18, 1919.)

PRINCIPAL AND AGENT ⬥═103(8)—TYPEWRITER COMPANY'S AGENT HELD TO HAVE HAD APPARENT AUTHORITY TO SELL SECONDHAND MACHINES.

Agent of typewriter company, engaged in the advertising, exhibiting, and selling of typewriters, who held himself out as the company's regular agent, and was recognized as such by the public, and was known to be so recognized by the company, had apparent authority to sell a secondhand typewriter belonging to the company to buyer, who had no notice that his authority was limited to the sale of new typewriters, though prior thereto agent had sold nothing but new machines.

Appeal from Circuit Court, Walker County; J. J. Curtis, Judge.

Detinue by the Royal Typewriter Company, a corporation, against the J. H. Thomas Sales Company, for the possession of a typewriter. Judgment for defendant, and plaintiff appeals. Affirmed.

W. G. Peebles, of Jasper, for appellant.

The court erred in the judgment rendered and in refusing to grant plaintiff a new trial.

172 Ala. 637, 55 South. 494; 135 Ala. 477, 33 South. 39; 105 Ala. 316, 16 South. 912; 105 Ala. 344, 16 South. 884; 7 Ala. App. 227, 60 South. 986; 74 Ala. 435; 94 Ala. 346, 10 South. 304; 90 Ala. 505, 8 South. 101.

D. A. McGregor, of Jasper, for appellee. No brief reached the Reporter.

MERRITT, J. This is an action in detinue to recover a typewriter, sold originally by the appellant on November 1, 1915, through its agent, O. C. Thomas, to one Kershaw, at Jasper, Ala., which sale was evidenced by a contract or a conditional sale, whereby Kershaw was to make monthly payments on the typewriter, and title to the same was to be and remain in the plaintiff until fully paid for. The conditional sale as set out in the testimony, was duly filed and recorded in the probate office of Walker County, Ala., on the 23d day of December 1915, and was witnessed by the said "O. C. Thomas, Dealer." The testimony further shows that the said Kershaw only made one payment on the typewriter, to wit, $5, and there was a balance due of $70; that Kershaw left Jasper in the month following the purchase of the machine, and that he left it at the office of the Mountain Eagle, with instructions to turn it over to O. C. Thomas; that it was delivered to O. C. Thomas, who sold it to the J. H. Thomas Sales Company, of which J. H. Thomas was the president or manager, for $30, a check being given for the amount, payable to O. C. Thomas, and no part of the same had been received by the plaintiff. It appears that the plaintiff was a nonresident, residing in Atlanta, Ga.; that O. C. Thomas had an office in Jasper, representing the Royal Typewriter Company, and that at the Walker county fair he was exhibiting and advertising Royal typewriters; that he had sold several Royal typewriters to parties in and about Jasper, all these things being before the sale to the J. H. Thomas Sales Company; that O. C. Thomas was the regular agent for the Royal Typewriter Company at Jasper.

Appellant admits that O. C. Thomas had authority to sell new typewriters on conditional sales contracts, but denies that he had authority to take up any machine he had previously sold, or to rescind or modify any contract which appellant had agreed to. The testimony shows without dispute that O. C. Thomas was plaintiff's regular agent, and his acts in advertising, exhibiting, and selling typewriters for the plaintiff adds emphasis to this relationship, and holding himself out as such, recognized by the public as such, and with knowledge on the part of plaintiff as such, to what extent, then, could the public safely go in dealing with the plaintiff through such a representative? Can it be

successfully contended that when plaintiff has permitted one to be held out, and recognized by it as its regular agent, between it and its agent there were some limitations, some secret limitations, as to his authority? We think not, and we may say in this particular case there is a total want of evidence to show that the agent, O. C. Thomas, was limited only to the sale of new typewriters. The fact that he had only made sales of new typewriters previous to this would not be conclusive of such a limitation; if in fact it existed, nor certainly would the public be bound by such a limitation, if the sale of typewriters generally was within the apparent scope of his authority, and certainly it was within the apparent scope of a regular agent's authority, selling and advertising typewriters generally, as O. C. Thomas was, to sell the machine in question in the instant case. It matters not whether O. C. Thomas remitted the money to the typewriter company that he sold the Kershaw machine for, if he was the plaintiff's agent in selling the machine. It is nowhere shown that the defendant had knowledge of these alleged limitations on O. C. Thomas' authority. He who without intentional fraud has enabled any person to do any act, which must be injurious to himself or to another innocent party, shall himself suffer the injury, rather than the innocent party, who has placed confidence in him. Of course, the maxim fails in its application when the party dealing with the agent has a full knowledge of the private instructions of the agent, or that he is exceeding his authority. Story on Agency, § 127; Simpson & Harper v. Harris & Scrandrett, 174 Ala. 436, 56 South. 968.

The trial court properly submitted to the jury, under correct oral and written charges, the question of the agency of O. C. Thomas, and we find no error in trial of this cause, and the same must be affirmed.

Affirmed.